# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:04 CV 207

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) and ) ) PAULA THOMPSON, ) ) Plaintiff-Intervenor, ) v. ) ) WELBORNE AUTOMOTIVE, INC. ) f/k/a NISSAN OF HICKORY, INC., ) ) Defendant. ) ) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion to Compel Discovery and for Sanctions" (Document No. 25) and "Defendant's Memorandum of Law in Support..." (Document No. 26), filed August 1, 2006; "Plaintiff-Intervenor's Motion to Strike... and Memorandum of Law in Support Thereof" (Document No. 27), filed August 14, 2006; "Plaintiff EEOC's Memorandum in Response to Defendant's Motion to Compel and for Sanctions" (Document No. 28) and "Declaration of Vicki B. Rowan" (Document No. 29), filed on August 18, 2006; "Defendant's Response to Plaintiff's Motion to Strike..." (Document No. 30), filed August 29, 2006; and "Defendant's Reply to Plaintiff - EEOC's Memorandum in Response..." (Document No. 31), filed August 31, 2006. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is now ripe for review.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will <u>grant in part and deny in part</u> Defendant's "Motion to Compel Discovery and for Sanctions" (Document No. 25) and <u>deny in part and grant in part</u> "Plaintiff-Intervenor's Motion to Strike..." (Document No. 27).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Equal Employment Opportunity Commission ("Plaintiff") brought this action in a "Complaint" (Document No. 1) on December 30, 2004, under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, based on the alleged unlawful discharge of Paula Thompson ("Thompson" or collectively with Plaintiff, "Plaintiffs"). Plaintiff alleges unlawful employment practices, specifically related to Thompson's sex, by Welborne Automotive, Inc., f/k/a Nissan of Hickory, Inc. ("Defendant"). Thompson filed a "Complaint in Intervention" (Document No. 10) on September 8, 2005.

Plaintiffs seek identical relief, namely: (A) permanent injunction enjoining Defendant from engaging in sex discrimination; (B) order Defendant to institute and carry out policies, practices and programs that provide equal employment opportunities and eradicate effects of past and present unlawful practices; (C) appropriate back pay with prejudgment interest and reinstatement, or an award of front pay; (D) an award for pecuniary losses; (E) compensation for past and future non-pecuniary losses including emotional pain, suffering, inconvenience, loss of earning capacity, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights; (F) punitive damages for malicious and reckless conduct; (G) further relief as the Court deems necessary and proper; and (H) award the Commission its costs for this action.

Based upon the Certification and Report of Initial Attorneys' Conference and a Pretrial

Conference held on November 30, 2005, the undersigned entered a "Pretrial Order and Case Management Plan" (Document No. 19) on November 30, 2005. That Order set the following pertinent deadlines:

<blockquote>

Discovery Completion - May 22, 2006,

Mediation Deadline - May 22, 2006,

Motions Deadline - June 22, 2006.

</blockquote>

On May 20, 2006 the parties submitted a "Joint Motion to Extend the Discovery Period and Mediation and Dispositive Motion Deadlines" (Document No. 22). The undersigned adopted the parties' agreed upon extensions by Order on May 22, 2006 (Document No. 23), which included the following new deadlines:

<blockquote>

Discovery Deadline - July 31, 2006,

Mediation Deadline - July 31, 2006,

Dispositive Motion Deadline - September 15, 2006,

Responses to Dispositive Motion Deadline - October 20, 2006.

</blockquote>

It is important to note that the original Case Management Plan did not include a "Dispositive Motion Deadline" and that the agreed-upon updated deadlines did not designate a new "Motions Deadline."

## II. DISCUSSION

The issue before the Court is whether to grant Defendant's Motion to Compel and to award Defendant sanctions (reasonable expenses and attorney's fees) or whether the Defendant's motion should be stricken for its alleged legal insufficiencies. In its Motion, Defendant seeks to have Plaintiffs supplement their response to the Defendant's First Set of Interrogatories as follows: (1)

under #7, revise damage calculations; (2) under #11, identify every physician or other medical care provider visited or consulted by Thompson over the past ten (10) years; and (3) under #13, provide information regarding all employment since 1998. Defendant also seeks information from its First Set of Requests for Production of Documents to Thompson related to #7 - a request for copies of her W-2 and tax statements for the years 2001 to 2006.

Plaintiffs' responses to the "Motion to Compel Discovery and Motion for Sanctions" essentially contend that the motion is legally insufficient. Plaintiffs argue that the motion should have been filed by July 31, 2006, that it should have certified that Defendant had conferred with opposing counsel in an attempt to resolve the underlying dispute pursuant to the Pre-Trial Order and the Local Rules, and that it should have included citations to authority. Plaintiffs also contend that Defendant failed to reserve the right to re-open Thompson's deposition and had adequate opportunity at her deposition to ascertain the identity of her medical providers.

First, the confusion surrounding deadlines is understandable to the extent the Order extending deadlines was not entirely consistent with the Pre-Trial Order and Case Management Plan. The undersigned's view is that it was not unreasonable for Defendant to file a motion to compel on August 1, 2006, just minutes after the close of discovery. A motion to compel prior to that deadline, may well have been considered premature. Furthermore, the Case Management Plan scheduled the motions deadline for one month after the discovery deadline. Since the extension did not name a new "Motions Deadline," the parties' confusion is understandable. The Defendant's filing is consistent with the Court's intent.

Next, Plaintiffs make much of Defendant's failure to certify that it conferred with them regarding the discovery disputes. Although Defendant's motion (Document No. 25) lacks the

certification required by Local Rule 7.1(A), the accompanying memorandum (Document No. 26) filed on the same date reports "[d]efense counsel hereby certifies that she has in good faith conferred with, and has further attempted to confer with Plaintiff and Plaintiff-Intervenor's counsel in an effort to secure the response without Court action." The undersigned finds that statement to satisfy the requirement of Local Rule 7.1(A) for Defendant's "Motion to Compel...." Defendant's subsequent memorandum (Document No. 31) also describes significant communications between the parties addressing the disputed discovery, which supports Defendant's claim that the parties had met and had made good faith attempts to resolve areas of disagreement.

Likewise, Plaintiffs' allegation that Defendant failed to include citations to authority pursuant to Section II. C. of the Case Management Plan falls short. The first sentence of Defendant's motion cites Fed.R.Civ.P. 37(a) and Local Rule 7.1. Defendant's memorandum cites Fed.R.Civ.P. 37(a) multiple times, as well as Fed.R.Civ.P. 26(b) twice. The undersigned finds these citations to authority sufficient.

The questions remaining are whether or what discovery the Plaintiffs should be required to produce, and whether sanctions are appropriate. The information Defendant seeks relates to Interrogatories #7, #11, and #13 and Request for Production of Documents #7.

Interrogatory #7 relates to Plaintiffs' calculation for damages for lost wages. Following an exchange of information between the parties in July 2006, and representations made by Plaintiffs in their "...Memorandum..." (Document No. 27, p.7) as well as "Defendant's Reply..." (Document No. 31, p.4), it is likely this issue is moot. To the extent that supplementation of Interrogatory #7 has not occurred as stated by the parties in their briefs of August 2006 that it would be, Plaintiff should supplement its response as promised.

5

In Interrogatory #11, Defendant seeks the identity and basic information of every physician or medical provider Thompson visited or consulted for the past (10) ten years. Plaintiffs contend this request is overly broad and allege that Defendant intends to "embarrass, humiliate, and intimidate" Thompson. Defendant contends that Thompson's testimony of suicide ideation as a result of leaving her employment by Defendants puts her health at issue. However, Defendant proposes in its "...Reply..." that "[i]f the plaintiff will stipulate that she will not testify, nor have any other witness testify about her suicidal ideation, then the Defendant would withdraw the request for medical information." See Document No. 31, p.15.

Thus, if the Plaintiff so stipulates, the undersigned deems the request for supplementation of Interrogatory #11 to be moot. If Plaintiff declines to stipulate, then the undersigned agrees with Defendant that her complete medical records should be made available. However, in the event Plaintiff declines to stipulate to Defendant's request, the undersigned will require the parties to file a proposed protective order, jointly if possible, and await the Court's entry of a protective order prior to disclosure of the medical records.

Defendant's request for more information regarding Interrogatory #13 and Request for Documents #7 are both related to employment records. Plaintiff contends this information is not relevant. Defendant argues first, that "relevance" is not the standard, but rather the applicable standard is whether the information is reasonably calculated to lead to the discovery of admissible evidence. Second, Defendant argues that Thompson's prior work experience (or lack thereof) is directly related to its reasons for her termination.

"Defendant's Reply..." (Document No. 31) further clarifies its request for this information. Specifically, Defendant asks that Plaintiffs provide either supplementation of #13, or the requested

6

tax information from 2001 and 2002, but not both. The undersigned agrees that Plaintiffs should provide evidence of Thompson's prior employment as requested and clarified. The parties may include this information in their proposed protective order if the Plaintiffs wish to protect Thompson's employment history.

Next, Defendant seeks to reopen Plaintiff's deposition if new contradictory information is disclosed. The undersigned will deny this request without prejudice to the Defendant to refile at a later date if the parties are unable to resolve any differences that arise due to new information.

Finally, Defendant's motion requests sanctions. The undersigned in its discretion does not find good cause shown for sanctions in this matter and will deny that request.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion to Compel Discovery and for Sanctions" (Document No. 26) is **GRANTED IN PART** and **DENIED IN PART**. "Defendant's Motion to Compel..." supplementation to its discovery requests is **GRANTED** to the extent described in the Order above. Defendant's request to reopen Thompson's deposition is **DENIED**, without prejudice to refile, and Defendant's motion for sanctions is **DENIED**.

**IT IS FURTHER ORDERED** that "Plaintiff-Intervenor's Motion to Strike..." (Document No. 27) is **DENIED IN PART** and **GRANTED IN PART**. As to the motion to strike the motion to compel, it is **DENIED**, and as to the motion to strike sanctions, it is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties submit a proposed protective order, jointly if possible, to the extent one is necessary to protect the discovery compelled by this Order. Such proposed order shall be submitted to the Court on or before **April 20, 2006**.

**SO ORDERED**.

Signed: March 29, 2007

_____
David C. Keesler
United States Magistrate Judge