IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:04CV00207

FILED
STATESVILLE, N.C.

APR 30 2007

U.S. DISTRICT COURT
W. DIST. OF NC

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| and | )<br>) |
| PAULA THOMPSON, | )<br>) |
| Plaintiff-Intervenor, | )<br>) |
| v. | )<br>)<br>) |
| WELBORNE AUTOMOTIVE, INC., formerly known as NISSAN OF HICKORY, INC., | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

PROTECTIVE ORDER

Upon motion by Plaintiff Equal Employment Opportunity Commission and Plaintiff-Intervenor, and to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes and disputes concerning confidentiality, protect certain materials designated as confidential ("Confidential Materials"), and ensure that protection is afforded only to material so designated, IT IS HEREBY ORDERED THAT:

1. <u>General Scope of the Agreement</u>. This Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff, Plaintiff-Intervenor, and Defendant in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests

for production of documents and documents produced in accordance therewith, documents subpoenaed by any party, and any deposition transcript or portion thereof as to which protection is sought in accordance with this Order. The following documents and/or information shall be designated as "Confidential" pursuant to this Order: (a) Paula Thompson's medical records or other health-related information;(b) Paula Thompson's tax information.; and (c) information related to Paula Thompson's employment history.

2. <u>Designation as Confidential.</u> Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, or upon receipt of documents subpoenaed by any party, may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Order. Such designation shall be made at the time the information in produced or furnished, or at a later time as provided herein.

Each party shall have fifteen (15) days following the entry of this Protective Order to designate as "Confidential" any materials set forth in paragraph 1 above that have been produced or furnished prior to the entry of this Order.

3. <u>Procedure for Designating Information as Confidential.</u> Parties may designate Confidential Materials in the following manner:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

2

(b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain confidential information may be bound separately and marked with the word "Confidential;"

(c) In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that Confidential Material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as Confidential Material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential.

(d) In the case of documents subpoenaed by any party, by a letter to the other parties designating such documents or portions of them as "Confidential."

4. Restricted Use of Information.

(a) Documents/information designated as "Confidential" pursuant to paragraphs 1 and 2 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

(i) the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

    (ii)  counsel for the parties, their staff members, their professional and para-professional employees;

    (iii)  any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

    (iv)  the parties, including officers or managers of a party who have a need to know the information for purposes of this litigation; or

    (v)  by mutual consent.

  (b)  Documents produced pursuant to this Order shall not be used for any purpose other than evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or court personnel. Specifically, use of Confidential Material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by all parties, or pursuant to a subpoena.

5.  <u>Acknowledgment of Agreement</u>. All persons to whom Confidential Material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive Confidential Material pursuant to paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

6. _Inadvertent Disclosure._ In the event a party, after the entry of this Order, inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the materials again, with the "Confidential" designation, within twenty (20) days of the date the materials were originally produced. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced.

7. _Use of Confidential Materials in this Case._ Nothing in this Order shall prevent or impair the use by a party of Confidential Materials as set forth in paragraphs 1 and 2 above in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To the extent any Confidential Material is filed with the Court, counsel filing the Confidential Material shall file it under seal in accordance in accordance with Local Rule 5.1 (D).

8. _Challenging Confidentiality._ Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document or thing is Confidential Material. Counsel for the party (ies) who object to any "Confidential" designation shall serve written notice of any objections to specific designations upon the party who designated the material as "Confidential." Objections to the "Confidential" designation shall be served within twenty (20) days of receipt the information, documents or things designated "Confidential," or within twenty (20) days of entry of this Protective Order, which ever occurs later. Counsel shall have ten (10) days after service of the objections to attempt to resolve any disputes regarding the

5

"Confidential" designation. If Counsel are unable to agree on any such issue, counsel for the party designating the material as "Confidential" must bring the issue before the Court within thirty (30) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

9. **Right to Object.** Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to confidential material as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modification to this Order.

10. **Destruction of Confidential Information.** All parties shall destroy all Confidential Material within ninety (90) days of the conclusion of this civil lawsuit, including conclusion of any appeal. However, the EEOC, at its election, may destroy the Confidential Material in the normal course of its business and in accordance with its document retention procedures. The terms of this paragraph apply to any and all outside consultants and experts to whom counsel for a party discloses Confidential Material. Counsel for the party disclosing Confidential Material to outside consultants and experts shall be responsible for obtaining the destruction of the documents as required herein.

11. **Modification of the Agreement.** In the event of further proceedings in this action, if any of the parties hereto believe that this Order unreasonably impedes discovery to a party or the use of information discovered from a party for purposes of this litigation, or provides

insufficient protection regarding discovery materials produced by a party, such party may serve notice upon the parties and request the Court modify this Order.

12. <u>Protection of Copies.</u> All copies, extracts or summaries prepared from confidential materials produced hereunder shall be subject to the same terms of this Order as the Confidential Material from which such copies, extracts or summaries were prepared, if properly designated.

13. <u>Notices.</u> Notice required under this Order shall be in writing and provided to the attorneys for the parties. Notice to the parties shall be adequate if given solely to the parties' counsel of record.

14. <u>Effective Date.</u> This Order shall be effective immediately and shall survive the conclusion of this lawsuit.

IT IS SO ORDERED.

Dated this 25th day of April, 2007.

_____
United States Magistrate Judge