IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, And | ) ) ) |
| | ) Civil Action No.: 5:04-CV-207 |
| PAULA THOMPSON, | ) ) ) CONSENT DECREE |
| Plaintiff – Intervenor, | ) ) |
| v. | ) ) |
| WELBORNE AUTOMOTIVE, INC. f/k/a NISSAN OF HICKORY, INC. | ) ) ) |
| Defendant. | ) ) |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Welborne Automotive Inc., f/k/a Nissan of Hickory, Inc. discriminated against Paula Thompson in violation of Title VII by terminating her employment because of her sex, female. Thereafter, Paula Thompson intervened, through counsel, alleging violations of Title VII and state law.

The Commission, Paula Thompson (the "Plaintiff-Intervenor,") and the Defendant, Welborne Automotive Inc., f/k/a Nissan of Hickory, Inc., (the "Defendant"), hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all remaining matters in controversy between the parties as provided in paragraphs 1 through 15 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of sex or any other protected category within the meaning of Title VII.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964 or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Plaintiff-Intervenor and the Defendant have entered into a separate Settlement Agreement and Release of All Claims which is attached hereto as Exhibit A and incorporated herein by reference.

4. Defendant does not currently conduct business within the United States or within any foreign jurisdiction. If Defendant resumes business within the United States or within any foreign jurisdiction during the term of this Agreement, Defendant agrees to provide the following, described in paragraphs 5 through 10 below.

5. Within fifteen (15) days after resuming business operations in any state within the United States or within any foreign jurisdiction, Defendant shall adopt, implement, and distribute

a formal, written anti-discrimination policy, which shall include but not be limited to the following: an explanation of the requirements of the federal equal employment opportunity laws, including Title VII and its prohibition against sex discrimination; procedures for reporting discrimination; and a procedure for the thorough and immediate investigation of employee complaints of discrimination. Defendant shall distribute to each current employee a copy of the policy within the aforementioned 15 day time period. Within thirty (30) days after resuming business operations in any state within the United States or within any foreign jurisdiction, Defendant shall report compliance to the Commission. If during the term of this Decree Defendant resumes business, then Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6. Within fifteen (15) days after resuming business operations in any state within the United States or within any foreign jurisdiction, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in all of its facilities in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within thirty (30) days after resuming business operations in any state within the United States or within any foreign jurisdiction, Defendant shall report compliance to the Commission.

7. Within thirty (30) days after resuming business operations in any state within the United States or within any foreign jurisdiction, Defendant shall provide an annual training program to all of its owners, managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII of the Civil Rights Act of 1964, and its prohibition against sex discrimination in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the

3

rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within thirty (30) days after resuming business operations in any state within the United States or within any foreign jurisdiction. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

8. Beginning thirty (30) days after resuming business operations in any state within the United States or within any foreign jurisdiction, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit B, and hereby made a part of this Decree, in a place where it is visible to employees in all facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after resuming business operations in any state within the United States or within any foreign jurisdiction, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

9. If Defendant resumes business operations in any state within the United States or within any foreign jurisdiction, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after Defendant resumes business operations in any state within the United States or within any foreign jurisdiction. The reports will include the following information:

    A. A list of all management positions that have been filled, including the name, sex, last known address, last known phone number, and social

4

  security number of the individual hired to fill the position, as well as the date the position was filled.

 B. The identities of all applicants for the positions listed in paragraph 8(A), identified by name, sex, last known address, last known phone number, and social security number.

 C. If a position identified pursuant to paragraph 9(A) was filled by a man, and a female applicant was not selected for the position, provide a detailed statement explaining why the female applicant was not selected.

 D. The identities of all female managers whose employment was terminated, including the individuals' name, last known address, last known phone number, and social security number, as well as a detailed statement of the reason for termination

In the event there is no activity to report pursuant to this paragraph, Defendant shall send EEOC a "negative" report indicating no activity.

 10. If Defendant resumes business operations in any state within the United States or within any foreign jurisdiction, the Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facilities, interview employees and examine and copy documents.

 11. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have twenty (20) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such

allegations before the Commission exercises any remedy provided by law.

12. The term of this Decree shall be for five (5) years from its entry by the Court.

13. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent to: Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202.

14. Each party shall bear its own costs and attorney's fees.

15. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Dec. 28, 2007
Date

Richard L. Voorhees
Judge, U.S. District Court
Western District of North Carolina

6

Case 5:04-cv-00207-RLV-DCK   Document 53   Filed 12/28/07   Page 6 of 15

The parties jointly request that the Court approve and enter the Consent Decree:

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES (N.C. Bar No. 19732)
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
129 W. Trade Street, Suite 400
Charlotte, NC 28202
Tel. (704) 344-6878
Fax. (704) 344-6780
Lynette.Barnes@eeoc.gov


/s/ Tracy Hudson Spicer
TRACY HUDSON SPICER (MD Bar No. 08671)
Supervisory Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W., Suite 100
Washington, DC 20507-1002
Telephone:    (202) 419-0711
Facsimile:    (202) 419-0701
E-mail: Tracy.Spicer@eeoc.gov


/s/ Kerith Cohen
KERITH COHEN (Virginia Bar No. 39069)
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Norfolk Local Office
200 Granby Street, Suite 739
Norfolk, Virginia 23510
Tel. (757) 441-3505
Fax. (757) 441-6720
Kerith.Cohen@eeoc.gov

7

PAULA THOMPSON,
Plaintiff – Intervenor


/s/ Vicki Brown Rowan
Vicki Brown Rowan, N.C. Bar. No. 14294
Attorney for Plaintiff-Intervenor
1515 Mockingbird Lane, Suite 400
Charlotte, NC 28209
Tel. (704) 525-4110
Fax. (704) 525-4301
VBRowan@bellsouth.net



WELBORNE AUTOMOTIVE, INC.
f/k/a/ NISSAN OF HICKORY, INC.


/s/ Lyn K. Broom
Lyn K. Broom, N.C. Bar No. 17674
Attorney for Defendant
Teague Rotenstreich and Stanaland, LLP
PO Box 1898
Greensboro, NC 27402-1989
Tel. (336) 272-4810
Fax (336) 2722448
lkb@trslaw.com

# Settlement Agreement And Release Of All Claims

This Settlement Agreement and Release of All Claims ("Agreement") is entered into between Paula Thompson ("Plaintiff-Intervenor"), and Welborne Automotive, Inc. f/k/a Nissan of Hickory, Inc. ("Defendant Welborne Automotive").

WHEREAS, the Plaintiff intervened in a certain civil action in the United States District Court, Western District of North Carolina, *Equal Employment Opportunity Commission, plaintiff, and Paul Thompson, plaintiff-intervenor, v. Welborne Automotive, Inc. f/k/a Nissan of Hickory, Inc.*; Civil Action No.: 5:04-cv-207 alleging claims for wrongful discharge in violation of public policy and gender discrimination pursuant to Title VII of the Civil Rights Acts of 1964 and 1991, and related claims.

WHEREAS, the Defendant contends that the Plaintiff-Intervenor was not subjected to any of the alleged actions and had no cause for any alleged damages or any emotional distress due to her employment or termination.

WHEREAS, the Plaintiff-Intervenor and Defendant wish to settle fully and finally all disputes between them by compromise, including, but not limited to, those disputes embodied in the above captioned case and any additional claims and/or causes of action not yet filed, and to that end are willing to make mutual concessions.

NOW, THEREFORE, it is agreed that in consideration of the promises of the parties hereinafter set forth, the parties agree as follows:

1. *Full Release Of All Claims Against Defendant.* Plaintiff-Intervenor, her heirs, executors, successors and assigns, hereby forever discharge Welborne Automotive, Inc. f/k/a Nissan of Hickory, Inc., its insurers, related companies, affiliates, owners, directors, officers, managers, employees, agents, servants, corporate and litigation attorneys, successors, assigns and any and all other persons, firms and corporations of and from all manners of actions, causes of action, suits, debts, accounts, judgments, claims and demands whatsoever for which the Plaintiff has or may have against the Defendant up to the date Plaintiff signs this Release. This Release specifically includes, but is not limited to, the claims contained in *Equal Employment Opportunity Commission, plaintiff, and Paul Thompson, plaintiff-intervenor, v. Welborne Automotive, Inc. f/k/a Nissan of Hickory, Inc.*; Civil Action No.: 5:04-cv-207 and all possible causes of action pursuant to any potential federal, state or local law causes of action. This Release specifically includes, but is not limited to, all claims arising from Plaintiff-Intervenor's employment with and termination from Defendant Welborne Automotive, Inc. f/k/a Nissan of Hickory, Inc.

2. *Covenant Not To Sue.* In addition, Plaintiff-Intervenor specifically agrees not to attempt to institute any proceedings or further pursue any action pursuant to any other laws, state, local or federal, based on her employment with or termination from Defendant Welborne Automotive, Inc. f/k/a Nissan of Hickory, Inc. Further, Plaintiff-Intervenor specifically waives the right to and will not attempt to seek any remedy obtained through the efforts of any other individual or state or federal agency against Defendant, except as to

1

Exhibit A

enforcement of the Consent Decree. Defendant agrees not to attempt to institute any proceedings or further pursue any action pursuant to any other laws, state, local or federal against Paula Thompson for any statements made or actions taken by Paula Thompson prior to this settlement that pertain to the instant dispute.

3. *Non-Disclosure Provision.* The undersigned specifically agree not to actively publicize the terms of this Agreement to the news media or anyone likely to disclose such information to the news media. The undersigned further specifically agree not to publicize or list the terms of this Agreement, the parties involved or the settlement amount, by way of any website or Internet access, including listing said information on a professional website or distributing said information to a professional group or association or by way of a professional list serve. The undersigned attorney specifically agrees to not disclose any terms of this Agreement to *North Carolina Lawyer's Weekly* or any similar professional publications or Internet sources.

4. *Settlement Payment.* Defendant shall cause to be paid to Paula Thompson the sum of seventy thousand dollars ($70,000.00) in settlement of the claims raised in the above-referenced civil action. Defendant shall cause two checks to be issued: one check in the amount of forty-five thousand six hundred sixty-seven dollars ($45,667.00) payable to Paula Thompson and a second check in the amount of twenty-four thousand three hundred thirty-three dollars ($24,333.00) for costs and fees payable to Vicki B. Rowan Trust Account. Payment shall be made within fifteen (15) days after the Court approves the Consent Decree which is to be filed in the above-referenced civil action, and Defendant shall mail both checks to Vicki Rowan, Attorney at Law, 1515 Mockingbird Lane, Suite 400, Charlotte, NC 28209. Within ten (10) days after the check has been sent, Defendant shall mail to Lynette A. Barnes, Regional Attorney, at the Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte N.C., 28202, a copy of the checks mailed to Vicki B. Rowan. Paula Thompson agrees that the Defendant has made no representation to her regarding any taxes due and agrees to indemnify and hold Defendant harmless for the amount of any tax, penalty or interest associated with any tax owed by Paula Thompson relating to the payment above.

5. *Dismissal of Lawsuit.* And for the consideration as aforesaid, it is further agreed that upon receipt by counsel for the plaintiff-intervenor of the settlement payment identified above; and entry of the Consent Decree, a stipulation of dismissal with prejudice shall be signed by the plaintiff-intervenor as to any and all claims asserted in the above referenced civil action not otherwise addressed in the Consent Decree which the Defendant will submit to the United States District Court, Western District of North Carolina, with the Consent Decree to be entered by the Court in the civil action entitled *Equal Employment Opportunity Commission, plaintiff, and Paul Thompson, plaintiff-intervenor, v. Welborne Automotive, Inc. f/k/a Nissan of Hickory, Inc.*; Civil Action No.: 5:04-cv-207, which stipulation of dismissal shall provide that the Plaintiff-Intervenor submits to a voluntary dismissal with prejudice as to the Defendant as to all claims not resolved by the Consent Decree with each party bearing its own costs and attorneys' fees.

6. *No Admission of Liability.* This Agreement and Release has been entered into for the

sole purpose of settling the disputes and avoiding costly litigation between Plaintiff-Intervenor and Defendant. Nothing herein is to be construed as an admission by the Defendant of any acts of discrimination or misconduct against Plaintiff-Intervenor. The Defendant specifically disclaims any liability to the Plaintiff-Intervenor.

7. *Invalid Provisions.* Should any provision of this Agreement be declared invalid for any reason by any court of competent jurisdiction, said provisions shall be deleted from this Agreement and the remainder of this Agreement shall not be affected thereby.

8. *Entire Agreement.* This document expresses the full and complete settlement of a liability claimed and denied regardless of the adequacy of the above considerations. This document and the Consent Decree to be entered by the Court contain the entire agreement between Plaintiff-Intervenor and Defendant.

9. *Amendment and Waiver.* This Agreement may be amended only in a writing signed by all parties hereto. The waiver, by either party, of a breach of any provision of this Agreement shall not be deemed to be a waiver of any subsequent breach.

10. *Governing Law.* This Agreement shall be governed by and construed in accordance with the laws of the United States of America and the State of North Carolina.

IT IS THE INTENT OF MS. PAULA THOMPSON TO RELEASE ALL CLAIMS OF EVERY NATURE AND KIND WHETHER KNOWN OR UNKNOWN, ACCURED OR UNACCRUED, WHICH MS. PAULA THOMPSON MAY HAVE AGAINST WELBORNE AUTOMOTIVE, INC., f/k/a NISSAN OF HICKORY, INC., AS OF THE DATE OF THE EXECUTION OF THIS SETTLEMENT AGREEMENT.

Ms. Thompson is not relying on the advice of Defendant Welborne Automotive Inc. f/k/a Nissan of Hickory, Inc. nor its attorneys, but has come to this decision of her own freewill. Ms. Thompson hereby declares and represents that in making this release and agreement it is understood and agreed that she is relying wholly upon her own judgment, belief, and knowledge of the nature, extent and duration of my damages, and that she has not been influenced to any extent whatsoever in making the release, by any representations or statements regarding said injuries and damages, or regarding any other matters, made by persons, firms or corporations who are hereby released, or by any persons representing them.

**YOU ARE MAKING A FINAL SETTLEMENT. THIS IS A RELEASE. READ BEFORE SIGNING.**

_____ 12-27-07
Paula Thompson, Plaintiff            Date

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBERG

On this the 27th day of December, 2007, before me personally appeared Paula Thompson, to me known to be the persons described herein, and who executed the forgoing instrument and she voluntarily executed the same.

_____ Melody Johnston
Notary Public

Witness by Hand and Seal, this 27 day of December, 2007.

My Commission Expires: 9/15/2012

[Notary Seal: MELODY JOHNSTON, NOTARY PUBLIC, MECKLENBURG COUNTY, N.C., My Commission Expires 9/15/2012]

_____ Vicki B Rowan
Vicki B. Rowan                       Date
Attorney for Plaintiff
1515 Mockingbird Lane, Suite 400
Charlotte, North Carolina 28209
Telephone: (704) 525-4110
Facsimile: (704) 525-4301

4

Exhibit A

_____
Paula Thompson, Plaintiff                    Date

STATE OF _____

COUNTY OF _____

On this the ____ day of _____, 200__, before me personally appeared Paula Thompson, to me known to be the persons described herein, and who executed the forgoing instrument and she voluntarily executed the same.

_____
Notary Public

Witness by Hand and Seal, this ____ day of _____, 200__.

My Commission Expires: _____

_____
Vicki B. Rowan                               Date
Attorney for Plaintiff
1515 Mockingbird Lane, Suite 400
Charlotte, North Carolina 28209
Telephone: (704) 525-4110
Facsimile: (704) 525-4301

_____
James Welborne, President of Welborne Automotive, Inc.   12/28/07  Date

STATE OF NORTH CAROLINA

4

COUNTY OF Iredell
On this the 28th day of December, 2008, before me personally appeared James Welborne, to me known to be the persons described herein, and who executed the forgoing instrument and he voluntarily executed the same.

_____
Notary Public

Witness by Hand and Seal, this 28th day of December, 2008

My Commission Expires: 09-25-2010



JASON R SACONA
NOTARY PUBLIC
ALEXANDER COUNTY, NC
My Commission Expires 9-25-2010

5

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br>               Plaintiff, <br> And <br><br> PAULA THOMPSON, <br>               Plaintiff – Intervenor, <br><br> v. <br><br> WELBORNE AUTOMOTIVE, INC. <br> f/k/a NISSAN OF HICKORY, INC. <br>               Defendant. | Civil Action No.: 5:04-CV-207 <br><br> NOTICE |

This Notice is posted pursuant to a Consent Decree between the U.S. Equal Employment Opportunity Commission and Welborne Automotive, Inc. f/k/a Nissan of Hickory, Inc. ("Welborne Automotive"), in a case of sex discrimination. Specifically, the EEOC alleged that Welborne Automotive terminated the employment of Paula Thompson because of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended. As part of the settlement, Welborne Automotive agreed to pay money damages to Ms. Thompson and take other action set out in a Consent Decree resolving the matter.

Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on sex.

Welborne Automotive will comply with such federal law in all respects. Furthermore, Welborne Automotive will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

              Equal Employment Opportunity Commission
              1801 L Street, N.W.
              Washington, DC 20507
              TEL: 1-800-669-4000
              TTY: 1-800-669-6820

DO NOT REMOVE THIS NOTICE UNTIL: December 28, 2012

Exhibit B